IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **JACK L. MEYERS,** | : | |
| | : | **Bankruptcy No. 06-24681-MBM** |
| Debtor. | : | |
| ................................................................. | : | ................................................................. |
| **Ford Motor Credit Company,** | : | **Chapter 7** |
| | : | |
| Movant. | : | **Related to Doc. No's. 15 & 17** |

Appearances:      James P. Valecko, for Ford Motor Credit Company.

### MEMORANDUM OPINION

**AND NOW,** this **29th day** of **January, 2007**, upon consideration of (a) the motion by Ford Motor Credit Company (hereafter "Ford") for approval of a particular reaffirmation agreement that it entered into with Jack Meyers, the instant debtor (hereafter "the Debtor"), whereby the Debtor proposes to reaffirm a pre-petition debt that it owes to Ford (hereafter "the Reaffirmation Agreement"),[1] and (b) the Reaffirmation Agreement itself, which document was filed with the Court on November 10, 2006, at Doc. No. 11,

it is **hereby determined that the Court shall issue an order that DENIES AS MOOT** Ford's motion for approval of the Reaffirmation Agreement. The rationale for the Court's decision is briefly set forth below.

Ford's motion is moot, the Court determines, because the Reaffirmation

---

[1] Ford's motion was filed with the Court twice on December 20, 2006, at Doc. No. 15 and Doc. No. 17.

Agreement will automatically – that is, necessarily – be approved[2] by virtue, and as of the date, of the entry of the order that will be entered in the instant case that grants to the Debtor a Chapter 7 discharge, which discharge order should be entered subsequent to the disposition of Ford's motion.  The Court so rules because (a) the Court can only disapprove a reaffirmation agreement after notice and a hearing, see 11 U.S.C.A. § 524(m)(1) (West 2006) (last sentence thereof), (b) such hearing regarding disapproval of a reaffirmation agreement must be held prior to the entry of an order that grants a discharge, see Id., (c) a reaffirmation agreement, if such a hearing is not held prior to such time, is thus necessarily – and automatically – approved as of such time, and (d) the Court, after consideration of the Reaffirmation Agreement, which consideration occurred even prior to the bringing of Ford's motion, has determined that it will neither disapprove the Reaffirmation Agreement nor, thus, hold any type of hearing regarding the Reaffirmation Agreement.

The Court also holds, as a matter of law, that it discretionarily may decide not to disapprove a reaffirmation agreement even if (a) an undue hardship presumption – as that term is defined in § 524(m)(1) – applies in a particular case with respect to such reaffirmation agreement, and (b) such presumption is not satisfactorily rebutted by a debtor's explanation contained in Part D to such

---

[2]The Court notes that such approval is only to the effect that the Reaffirmation Agreement does not constitute an undue hardship and that such agreement is in the best interest of the Debtor, see 4 Collier on Bankruptcy, ¶ 524.04[2] at 524-40.1 (Bender 2006); thus, such approval says nothing about whether the other reaffirmation agreement requirements set forth in 11 U.S.C. § 524(c) have been satisfied.

reaffirmation agreement. See In re Stillwell, 348 B.R. 578, 581 (Bankr.N.D.Okla. 2006) ("If the presumption is not rebutted to the satisfaction of the Court, the Court has the *discretion* to not approve the reaffirmation agreement"). The Court so holds because § 524(m)(1) does not provide, where an undue hardship presumption exists regarding a reaffirmation agreement and the same has not been so rebutted, that a court must disapprove such reaffirmation agreement; instead, § 524(m)(1) merely provides that, under such circumstances, "the court *may* disapprove such agreement," 11 U.S.C.A. § 524(m)(1) (emphasis added) (next to last sentence thereof). The Court interprets such discretionary language such that a court may, after its own independent review of, for instance, a debtor's bankruptcy schedules, conclude that an undue hardship presumption is rebutted so that the respective reaffirmation agreement should not be disapproved. The Court, as set forth above, has determined that it will not disapprove the Reaffirmation Agreement, and that is regardless of whether the Debtor's explanation contained in Part D to the Reaffirmation Agreement operates to rebut the undue hardship presumption that unquestionably exists regarding such agreement.

Finally, as an aside, the Court notes that, in those instances when the Court holds a hearing regarding the disapproval or not of a reaffirmation agreement, the Court shall, at some point after such hearing, enter an order that affirmatively approves or disapproves such reaffirmation agreement. The Court concludes that it must enter an order in such instances when a hearing is held because, absent such order, one will never be able to ascertain whether the

Court ultimately approved or disapproved the reaffirmation agreement in question. That one cannot ascertain the decision of the Court subsequent to such hearing absent an order follows given that, in contrast to the automatic approval of a reaffirmation agreement if a hearing is not held prior to the entry of a debtor's discharge, a reaffirmation agreement is not automatically approved if the Court holds a hearing and then fails to disapprove such agreement before the entry of a discharge order; the preceding observation follows because, while § 524(m)(1) expressly precludes a court from holding a hearing after the entry of a discharge order, such statutory provision does not compel a court, if it timely holds a hearing, to make its decision to disapprove before the entry of a discharge order, *see* Id.[3]

For all of the foregoing reasons, the Court shall enter an appropriate order that denies as moot Ford's motion for approval of the Reaffirmation Agreement. As well, and as a general matter henceforth, the Court will deny as moot any future motion by Ford or any other creditor that seeks, either in this case or in any other bankruptcy case, the affirmative approval of a reaffirmation agreement for which the Court determines that it shall not hold a hearing; frankly, the Court

---

[3]Put differently, if a Court decides to disapprove a reaffirmation agreement, § 524(m)(1) requires that the Court first hold a hearing regarding such disapproval prior to the entry of a discharge order; § 524(m)(1) does not, however, require, if the Court decides to disapprove a reaffirmation agreement, that the Court, prior to the entry of a discharge order, make known – indeed even make – its decision regarding such disapproval. Therefore, if a hearing is not held prior to the entry of a discharge order, one thing automatically happens, and that is the approval of the reaffirmation agreement in question; however, if a hearing is timely held, then nothing automatically happens vis-a-vis the reaffirmation agreement in question, thus prompting the entry of a court order.

views such requests regarding such reaffirmation agreements as nothing more than a way to short-circuit the process that Congress has put in place for courts to deal with their judicial review of reaffirmation agreements.

                                            **BY THE COURT**

                                       /s/
                                      **M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **JACK L. MEYERS,** | : | **Bankruptcy No. 06-24681-MBM** |
| Debtor. | : | |
| | : | |
| **Ford Motor Credit Company,** | : | **Chapter 7** |
| | : | |
| Movant. | : | **Related to Doc. No's. 15 & 17** |

## ORDER OF COURT

**AND NOW,** this **29th day** of **January, 2007**, upon consideration of the motion by Ford Motor Credit Company (hereafter "Ford") for approval of a particular reaffirmation agreement that it entered into with Jack Meyers, the instant debtor (hereafter "the Debtor"), whereby the Debtor proposes to reaffirm a pre-petition debt that it owes to Ford (hereafter "the Reaffirmation Agreement"); and for the reasons set forth in the accompanying Memorandum Opinion of the same date,

it is **hereby ORDERED, ADJUDGED, AND DECREED** that Ford's motion for approval of the Reaffirmation Agreement is **DENIED AS MOOT**.

                              **BY THE COURT**

                              **/s/**
                              **M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge**

cm:    Holly C. Christian
        Weltman, Weinberg & Reis Co.
        2718 Koppers Building
        436 Seventh Avenue
        Pittsburgh, PA 15219

Jack L. Meyers
1232 Northwestern Drive
Monroeville, PA 15146

Kenneth Steidl, Esq.
Suite 2830 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Rosemary C. Crawford
Ch. 7 Trustee
P. O. Box 15189
Pittsburgh, PA 15237